IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 26-cv-0276-WJM-TPO

JOSE PEDRO AARON ALVAREZ HERNANDEZ,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Denver Contract Detention Facility, *et al*.

    Respondents.

## ORDER GRANTING HABEAS CORPUS PETITION

Before the Court is Petitioner Jose Pedro Aaron Alvarez Hernandez's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion") (ECF No. 3). Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility; Robert Hagan, in his official capacity as Field Office Director of the Denver Field Office of U.S. Immigration & Customs Enforcement ("ICE"); Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director of ICE; and Pamela Bondi, in her official capacity as Attorney General of the United States Department of Justice (collectively, "Respondents" or "the Government"), filed a response. (ECF No. 16.) The Court did not order Alvarez Hernandez to file a reply.

For the following reasons, the Petition is granted and the Motion is denied as moot.

## I.   BACKGROUND

This case involves an all too familiar fact pattern: Alvarez Hernandez is a non-citizen who has lived in the United States for 24 years. (ECF No. 3 at 6.) He is married, owns his own mechanic shop, and is the main financial provider for his family. (*Id.*) Alvarez Hernandez has no "criminal history that would subject him to mandatory detention." (*Id.*)

Despite all this, the Government has detained Alvarez Hernandez pursuant to 8 U.S.C. § 1225—not 8 U.S.C. § 1226—at the Denver Contract Detention Facility in Aurora, Colorado, without the opportunity to post bond. (*Id.*)

Alvarez Hernandez now challenges the legality of his detention.

## II.   LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases]." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws...of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

2

### III. ANALYSIS

Alvarez Hernandez contends that his mandatory detention under section 1225 violates the Immigration and Nationality Act ("INA"), regulatory guidance, the Administrative Procedure Act, and his Fifth Amendment Due Process rights.[1]  (*See generally* ECF No. 1.)  Accordingly, he seeks immediate release or, alternatively, a bond hearing pursuant to section 1226(a) within seven days.  (*Id.* at 21.)

The Government correctly recognizes that "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted or paroled is subject to mandatory detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing."  (ECF No. 16 at 1–2.)  The Government also recognizes that the particular facts of this case are not germane to this central legal issue.  (*Id.* at 2.)  On the contrary, the Government candidly acknowledges: "This issue is not materially different from an issue this Court has resolved in a prior ruling in another case."  (*Id.* (citing *Morales Lopez v. Baltazar*, 2026 WL 25161 (D. Colo. Jan. 5, 2026).)

In *Morales Lopez*, the Court made the following very clear: "Like dozens of other federal district courts across the country, including in this Circuit, the Court concludes that Morales Lopez's detention is properly governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A)."  *Id.* at *4 (citing *Nava Hernandez v. Baltazar, et al.*, 2025 WL 2996643,

---

[1] Because the Court concludes that section 1226(a) controls here, it need not base its Order on whether Alvarez Hernandez's other arguments are availing.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3

at *4 (D. Colo. Oct. 24, 2025)).) The *Morales Lopez* case involved materially similar facts to those at issue in Alvarez Hernandez's case. *See generally id.*

Then, only a week or so later, the Court fleshed out the reasoning behind this ruling in *Garcia Abanil, v. Baltazar*, — F.Supp.3d —, 2026 WL 100587, at *4 (D. Colo. Jan. 14, 2026). The Court set up the issue presented as follows:

> [S]ince *Yajure Hurtado*, many lawsuits have been filed challenging Respondents' recent practice of subjecting all noncitizen immigrants present in the United States to mandatory detention pursuant to § 1225(b)(2)(A). As in many of those previously filed actions, Garcia Abanil alleges here that his continued detention under 1225(b)(2)(A) violates the INA, as well as his substantive due process rights. (ECF No. 1.) The Court analyzes each of these claims below. Ultimately, it joins the many federal courts across the country that have been faced with virtually identical challenges in concluding that Garcia Abanil is subject to detention only under § 1226(a)—not § 1225(b)(2)(A)—and his continued detention without an individualized custody determination accordingly violates his constitutional right to due process.

2026 WL 100587, at *4.

The Court held in that case:

> The Court, like numerous other courts presented with this very same question of statutory interpretation, agrees with Garcia Abanil. 'The weight of authority interpreting § 1225 has recognized that 'for section 1225(b)(2)(A) to apply, several conditions must be met—in particular, an 'examining immigration officer' must determine that the individual is: (1) an 'applicant for admission'; (2) 'seeking admission'; and (3) 'not clearly and beyond a doubt entitled to be admitted.' *Loa Caballero v. Baltazar,* 2025 WL 2977650, at *6 (D. Colo. Oct. 22, 2025) (quoting *Martinez v. Hyde,* 2025 WL 2084238, at *2 (D. Mass. July 24, 2025) (internal citations omitted)).
>
> . . .
>
> At bottom, '[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never

4

> proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission.' *Lopez-Campos*, 797 F. Supp. 3d at 781.  And "[a]s § 1225(b)(2)(A) applies only to those noncitizens who are actively 'seeking admission' to the United States, it cannot, according to its ordinary meaning, apply to [persons who have] already been residing in the United States for several years.' *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025).  Put another way, noncitizens in Garcia Abanil's position, who entered the United States many years ago, are not 'seeking admission' to the United States but are instead "seeking to remain in the United States.' *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *5 (E.D. Cal. Sept. 23, 2025); *see also J.G.O. v. Francis*, 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025) ('[S]eeking admission' requires an alien to continue to want to go into the country.  The problem, as [petitioner] points out, is that he's already here; you can't go into a place where you already are.' (emphasis in original)).

*Id.* at *4–5.

The Court did not, however, base its conclusion on the plain text of the controlling statutes alone.  The Court went on to observe that

> Respondents' proffered interpretation of § 1225 appears facially inconsistent with related implementing regulations.  Though, "[w]ith *Chevron* laid to rest," the Court must "follow the Supreme Court's charge to 'exercise independent judgment' in interpreting the relevant statutory language," *Rangel-Fuentes v. Bondi*, 155 F.4th 1138, 1143 (10th Cir. 2025) (internal citation omitted), courts may nonetheless 'seek aid from the interpretations of those responsible for implementing particular statutes,' *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).  "[I]nterpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Id.*
>
> As relevant here, the implementing regulation for § 1225(b) states that 'any *arriving alien* who appears to the inspecting officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act.'  8 C.F.R. § 235(c)(1) (emphasis added).  In this way, "[t]he regulation appears to contemplate that applicants seeking

5

> admission are a subset of applicants 'roughly interchangeable' with 'arriving aliens.' *Cordero Pelico v. Kaiser*, 2025 WL 2822876, at *11 (Oct. 3, 2025) (quoting *Martinez*, 2025 WL 2084238, at *6) (emphasis in original). An 'arriving alien' is defined under the regulatory scheme as 'an applicant for admission coming or attempting to come into the United States at a port-of-entry.' 8 C.F.R. § 1.2. 'This plainly does not describe petitioners,' like Garcia Abanil, who already 'reside in the United States.' *Kaiser*, 2025 WL 28227876, at *11.

*Id.*

Finally, the Court observed that Garcia Abanil's illegal detention violated his substantive due process rights. *See id.* at 6 ("Here, the parties' arguments appear, at least implicitly, to acknowledge that Garcia Abanil's due process claim rises and falls with the Court's determination of whether he is detained pursuant to § 1225(b)(2)(A) or § 1226(a)."). The Court expounded: "[B]ecause Garcia Abanil is statutorily entitled under § 1226 to more process than he has thus far received, his continued detention without an individualized bond hearing necessarily violates his Fifth Amendment right to due process." *Id.*; *cf. Lopez Benitez*, 795 F. Supp. 3d at 495 (concluding, at least as it pertains to the first factor set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that "the facts clearly demonstrate[d] that [petitioner] was 'entitled to more process than he received' pursuant to § 1226(a) and its implementing regulations" and thus "a violation of [petitioner's] 'liberty interest is clearly established' here").

The Government "respectfully disagree[s] with th[ese] ruling[s]." (ECF No. 16 a 2.) Nevertheless, "Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the

6

legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.* at 3.) As a result, "while Respondents do not consent to issuance of the writ and reserve the right to appeal, in order to conserve judicial and party resources," Respondents submit that they have nothing to add beyond the arguments the undersigned has already fully considered and rejected elsewhere. (*Id.*)

The Court sees no basis to depart from the extensive reasoning outlined in its published decision in *Garcia Abanil*. Accordingly, the Court shall order the Government to provide Alvarez Hernandez with a bond hearing pursuant to section 1226(a) within seven days of this Order. The Court believes, on the limited record before it, that an Immigration Judge is better suited to consider whether he poses a flight risk or danger to the community in the first instance. *Cf. Loa Caballero*, 2025 WL 2977650, at *9; *Alvarez v. Noem*, 2025 WL 2942648, at *9 (W.D. Mich. Oct. 17, 2025).

As for the procedures that will govern at that bond hearing, the Court reiterates its holding in *Garcia Abanil*: It is the Government's burden to "justify[] a noncitizen's continued detention at a bond hearing." 2026 WL 100587, at *4; *Arauz v. Baltazar*, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025); *see also Espinoza Ruiz v. Baltazar*, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [§ 1226(a) hearing], the Respondents bear the burden of justifying detention."); *Mendoza Gutierrez*, 2025 WL 2962908, at *14 (directing that "the Government shall bear the burden of justifying [detention] by clear and convincing evidence of dangerousness of risk of flight").

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 11) is MADE ABSOLUTE and Alvarez Hernandez's Petition (ECF No. 1) is GRANTED;

2. Alvarez Hernandez's Motion is DENIED AS MOOT (ECF No. 3):

3. Within **seven days** of this Order, the Government shall provide Alvarez Hernandez with a bond hearing pursuant to 8 U.S.C. § 1226(a);

4. At the bond hearing, the Government shall bear the burden to justify Alvarez Hernandez's continued detention by clear and convincing evidence;

5. Should Alvarez Hernandez believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, *see Daley v. Ceja*, 158 F.4th 1152 (10th Cir. 2025), he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **February 23, 2026**. The Government shall file a response by no later than **March 11, 2026**, and Alvarez Hernandez shall file a reply by no later than **March 18, 2026**; and

6. Judgment shall enter in Alvarez Hernandez's favor and against the Government on **February 19, 2026,** UNLESS prior thereto the Court is informed that the Government has failed to fully and timely comply with the terms of this Order.

Dated this 5th day of February, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge