**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-0276-WJM-TPO

JOSE PEDRO AARON ALVAREZ HERNANDEZ,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Denver Contract Detention Facility, *et al.*

     Respondents.

---

## ORDER GRANTING ATTORNEY'S FEES AND EXPENSES

---

Before the Court is Petitioner Jose Pedro Aaron Alvarez Hernandez's Motion for

Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA")

("Motion")  (ECF No. 22.)  Respondents Juan Baltazar, in his official capacity as Warden

of the Denver Contract Detention Facility; George Valdez,[1] in his official capacity as

Field Office Director of the Denver Field Office of U.S. Immigration & Customs

Enforcement ("ICE"); Markwayne Mullin,[2] in his official capacity as Secretary of the U.S.

Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director

of ICE; and Todd Blanche,[3] in his official capacity as Acting Attorney General of the

---

[1] George Valdez, the Acting Field Office Director for ICE's Denver Field Office, is substituted for Robert G. Hagan pursuant to Fed. R. Civ. P. 25(d).

[2] Markwayne Mullin, the Secretary of the U.S. Department of Homeland Security, is substituted for Kristi Noem pursuant to Fed. R. Civ. P. 25(d).

[3] Todd Blanche, the Acting Attorney General of the United States, is substituted for Pamela Bondi pursuant to Fed. R. Civ. P. 25(d).

United States Department of Justice (collectively, "Respondents" or "the Government"),

filed a response.  (ECF No. 25.)  Alvarez Hernandez did not file a reply.

For the following reasons, the Motion is granted.

## I.    ANALYSIS

Alvarez Hernandez is a non-citizen who has lived in the United States for 24

years.  (ECF No. 3 at 6.)  He is married, owns his own mechanic shop, and is the main

financial provider for his family.  (*Id.*)  Alvarez Hernandez has no "criminal history that

would subject him to mandatory detention." (*Id.*)

Despite all this, the Government detained Alvarez Hernandez pursuant to 8

U.S.C. § 1225—not 8 U.S.C. § 1226—at the Denver Contract Detention Facility in

Aurora, Colorado, without the opportunity to post bond.  (*Id.*)  In January 2026, Alvarez

Hernandez filed this habeas action, seeking a bond hearing or immediate release.

(ECF No. 1.)  Relying on 8 U.S.C. § 1226, the Court granted that petition and ordered

that Alvarez Hernandez be given a bond hearing, at which the Government was

required to "bear the burden to justify Alvarez Hernandez's continued detention by clear

and convincing evidence."  (ECF No. 17 at 8.)  In February 2026, Alvarez Hernandez

was granted bond in the amount of $10,000, which he posted.  (ECF No. 21.)  He then

sought an award of attorney's fees in the amount of $3,824 and expenses in the amount

of $1,552 pursuant to the EAJA, 28 U.S.C. § 2412.  (ECF No. 22.)

An award for attorney's fees and expenses under the EAJA would ordinarily

require the Court to perform an analysis as to whether the moving party is an eligible

prevailing party; whether the government's position was not substantially justified; and

whether special circumstances exist that would make such an award unjust.  28 U.S.C.

§ 2412(d)(1)(A)–(B); *Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009).

That analysis is not necessary here, however, because the Government does not "contest the amount of fees sought by Petitioner or oppose an order imposing fees in the amount requested by Petitioner."  (ECF No. 25.)  Accordingly, assuming—without deciding[4]—that Alvarez Hernandez satisfies EAJA's standards, the Court grants the Motion in full.

## II.   CONCLUSION

1. The Motion is GRANTED.  (ECF No. 22.)

2. Pursuant to the EAJA, the Government is ORDERED, **by no later than May 14, 2026**, to pay to Alvarez Hernandez his attorney's fees in the amount of **$3,824**, and his expenses in the amount of **$1,552**, for a total payment to Petitioner of **$5,376**.

Dated this 23rd day of April, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

---

[4] The Court emphasizes that it does not base this Order on a substantive consideration of the EAJA requirements.  A fulsome analysis of those issues will be appropriate in other immigration habeas cases that, unlike this case, are opposed.